IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCUS HAHN,

    Petitioner,

v.                                                                             No. 21-cv-0880 KWR/DLM

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION RECOMMENDING DENIAL OF RESPONDENT'S LIMITED ANSWER SEEKING DISMISSAL OF HAHN'S CLAIMS AND ORDER FOR COMPLETE ANSWER**

**THIS MATTER** comes before the Court on Petitioner Marcus Hahn's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence or Judgment by a Person in Federal Custody ("Amended Motion"), filed September 19, 2022. (Doc. 15.) United States District Judge Kea W. Riggs referred the case to the undersigned to make proposed findings and a recommended disposition. (Doc. 30.) After careful review and consideration of the filings, I find that the Court has jurisdiction over the Amended Motion because it is not "second or successive." Accordingly, I recommend the Court deny Respondent's Limited Answer (Doc. 24) seeking dismissal of some of Hahn's claims for lack of jurisdiction and order Respondent to file a complete answer to the Amended Motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In 2000, a jury convicted Hahn of manufacturing 100 or more marijuana plants and of opening and maintaining a place for the purpose of manufacturing, distributing and using marijuana (Counts 1 and 2). *United States v. Hahn*, No. 00cr82, Doc. 184 (D.N.M.); *see Hahn v. Moseley*, 931 F.3d 295, 297 (4th Cir. 2019). The jury also convicted Hahn of possessing a firearm

1

in furtherance of the manufacture of marijuana in violation of 18 U.S.C. § 924(c) (Count 3) and of possessing a firearm in furtherance of the maintenance of a place to manufacture, distribute and use marijuana also in violation of 18 U.S.C. § 924(c) (Count 4). *Hahn*, No. 00cr82, Doc. 184. The Sentencing Court imposed a sentence of 60 months for Count 1, 27 months for Count 2 (to run concurrently with the Count 1 sentence), 120 months for the first § 924(c) violation (Count 3), and 300 months for the second § 924(c) violation (Count 4). *Hahn*, No. 00cr82, Doc. 133. The term for Count 3 was consecutive to Counts 1 and 2, and the term for Count 4 was consecutive to all other terms, for a total sentence of forty years. *Id*. The Sentencing Court also ordered supervised release for four years for Count 1, three years for Counts 2 and 3, and five years for Count 4, all terms to run concurrently. *Id*.

In 2016, Hahn filed a habeas petition under 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina. *Hahn v. Moseley*, 931 F.3d 295, 300 (4th Cir. 2019). Hahn argued that due to changes in Tenth Circuit law with respect to 18 U.S.C. § 924(c), he was legally innocent of Count 4. *Id*. The District Court of South Carolina denied the petition, and Hahn appealed to the Fourth Circuit Court of Appeals. *Id*. The Fourth Circuit granted the petition, reversed the district court decision, and remanded with instructions to vacate Hahn's 300-month sentence on Count 4. *Id*. at 304. The District Court of South Carolina then entered an order stating that the "remaining convictions, and the sentences associated with them, remain in place, resulting in a sentence of 60 months on Count 1, a concurrent 27-month sentence on Count 2, and a consecutive 120-month sentence on Count 3, for a total custodial sentence of 180 months. All other aspects of the original sentence remain in place." *United States v. Hahn*, C/A No. 9:16-3235-JFA-BM, Doc. 59 (D.S.C. Oct. 15, 2019); *see Hahn*, No. 00cr82, Doc. 209. The Sentencing Court in this district issued an amended judgment sentencing Hahn to 180 months. *Hahn*, No. 00cr82, Docs.

196, 209. After Hahn requested clarification of its order, the District Court of South Carolina entered another order stating:

> To clarify, this Court (1) grants [Hahn]'s Petition for habeas corpus, (2) vacates his conviction and sentence for Count IV, (3) allows the sentencing court in the District of New Mexico to issue an amended judgment in accordance with this Court's Order (ECF No. 59), and (4) this Court does not preclude the sentencing court in the District of New Mexico from exercising its discretion to resentence the [Hahn] de novo under the "sentencing package" doctrine.

*United States v. Hahn*, C/A No. 9:16-3235-JFA-BM, Doc. 62 (D.S.C. Nov. 4, 2019).

Hahn then filed a motion titled "Motion for Status Conference and Motion for Reconsideration of this Court's Amended Judgment or, in the Alternative, Motion to Correct Sentence Under Federal Rule of Criminal Procedure 35(a)" (the "Motion for Reconsideration"). *Hahn*, No. 00cr82, Doc. 202. In that motion, Hahn asked the Sentencing Court to "reconsider its amended judgment to account for" the District Court of South Carolina's "clarified" order and the sentencing package doctrine, under which courts may "resentence a defendant on convictions that remain after he succeeds in getting one or more convictions vacated." *Id*. at 1 (quoting *United States v. Hicks*, 146 F.3d 1198, 1202 (10th Cir. 1998)). The Sentencing Court characterized the Motion for Reconsideration as a substantive challenge to the amended judgment and construed it "as a § 2255 habeas petition, not a true Rule 60(b) motion." *Hahn*, No. 00cr82, Doc. 209 at 8. It then granted Hahn's request for a resentencing hearing under the sentencing package doctrine, holding that "[t]he sentence in 00-82, in its entirety, was one aggregate sentence and one 'unified term of imprisonment'" because Count 4 "is interdependent of its underlying felony, Count 2" and the "sentences in Counts 1–3 also ran consecutively to the sentence in Count 4." *Id*. at 11–12 (quoting *United States v. Easterling*, 157 F.3d 1220, 1224 (10th Cir. 1998)). It found that, by vacating Court 4, "the District Court of South Carolina 'unbundled' the aggregate sentence in 00-82," which "potentially undermin[ed] the Court's original sentencing intent for the overall

3

sentence." *Hahn*, No. 00cr82, Doc. 209 at 11–12. It held that, therefore, "[u]nder the sentencing package doctrine, resentencing on the remaining counts of 00-82 is proper." *Id*. at 12.

In addition to the Motion for Reconsideration, Hahn filed a motion for reduction of his Count 3 sentence under 28 U.S.C. § 3582(c)(1)(A)(i) from 10 years to 5 years in keeping with a change in the mandatory minimum sentence for such crimes. *Hahn*, No. 00cr82, Doc. 220 at 1. He argued that, even if the Court did not reduce his sentence for that reason, the Court should reduce the sentence for Count 3 because there were "extraordinary and compelling reasons" to do so. *Id*. (quoting § 3582(c)(1)(A)(i)).

On September 25, 2020, the Sentencing Court, after a hearing at which Hahn was present, amended Hahn's sentence by increasing the sentence for Count 2 and decreasing the sentence for Count 3 (the "Second Amended Judgment"). *Hahn*, No. 00cr82, Doc. 251. Specifically, the Sentencing Court increased the sentence for Count 2 from 27 to 41 months, to run concurrently with the 60-month sentence for Count 1. Citing "extraordinary and compelling reasons," the Sentencing Court reduced the sentence for Count 3 to 60 months, to run consecutively to the other sentences. *Id*. at 3. As in the initial judgment, the Sentencing Court imposed four years of supervised release as to Count 1 and three years for Counts 2 and 3, to run concurrently for a total term of four years. *Id*. at 4.

Hahn filed his "Second Motion to Vacate under 28 U.S.C. 2255" on September 8, 2021, (Doc. 1) and the Amended Motion on September 19, 2022. (Doc. 15.) In the Amended Motion, Hahn raises five grounds for relief: (A) he received ineffective assistance of counsel at trial in violation of his Sixth Amendment right to counsel; (B) Bernalillo County officers violated his rights under the Fourth and Fifth Amendments by searching his home without probable cause, exceeding the scope of the warrant, and concealing information related to the search warrant; (C)

4

the resentencing in 2020 violated the Ex Post Facto Clause; (D) he is actually innocent of a "Controlled Substance Offence Under 21 U.S.C. § 802(16) and 7 U.S.C. § 1639o[;]" and (E) the trial court erred in instructing the jury of its burden of proof and on the statutory definition of "marihuana . . . which is a Congressionally Defined Essential Element of the offense of manufacturing Marihuana." (Doc. 15 at 3.)

Noting that the Court "lacks jurisdiction over second/successive § 2255 claims absent authorization from the Tenth Circuit," the Court ordered Respondent to file a limited answer addressing which claims, if any, are "second or successive" under 28 U.S.C. § 2255(h). (Doc. 16.) It also ordered Respondent to address "the extent to which Petitioner can challenge the Amended Judgment entered September 25, 2020; . . . which claims, if any, are potentially cognizable (i.e. not barred as second or successive) based on that Amended Judgment; and . . . the merits of any potentially cognizable claims." (*Id*. at 1–2.) Respondent timely filed a Limited Answer on January 6, 2023, and Hahn filed a response to the Limited Answer on February 21, 2023. (Docs. 24, 27.)

## II. DISCUSSION

Relying on *Prendergast v. Clements,* 699 F.3d 1182 (10th Cir. 2012), Respondent argues that the Court lacks jurisdiction over four of Hahn's five claims because they are unauthorized second or successive claims. (Doc. 24 at 16.) Although Respondent briefly argues that Hahn's claims are also procedurally barred or untimely, he also expressly notes that the Court's order for a limited answer "did not request the government's position on whether the claims are procedurally defaulted" and that the Court must determine whether it has jurisdiction before it addresses "procedural default or timeliness issues. Therefore, [he] reserves these defenses if a more comprehensive answer is required at a later date." (*Id*.) Hahn argues that *Prendergast* does not control here and that his claims are not second or successive because the Second Amended

5

Judgment is an intervening judgment under *Magwood v. Patterson*, 561 U.S. 320, 339 (2010). (Doc. 27 at 4–12.) The first question before the Court is, therefore, whether *Prendergast* or *Magwood* governs the analysis of whether Hahn's claims are second or successive under § 2255(h).

Section 2255(h) restricts the ability of a petitioner to file a "second or successive" petition for writ of habeas corpus by limiting the grounds for a second petition and requiring the petitioner to obtain authorization for such a petition from the Court of Appeals before filing it. Without authorization from the Court of Appeals, a district court lacks jurisdiction to address the matter at all, including whether there are procedural bars to review or the merits of the motion. *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008); *Magwood*, 561 U.S. at 340 (stating that "procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not"); *United States v. Limon*, 757 F. App'x 737, 739 (10th Cir. 2018) (unpublished) (holding that the district court lacked jurisdiction over a § 2255 motion and therefore erred by considering whether the claims therein were timely). Faced with an unauthorized second or successive petition, the district court must either transfer it "to [the United States Court of Appeals for the Tenth Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631" or dismiss it "for lack of jurisdiction." *In re Cline*, 531 F.3d at 1252.

The term "second or successive" is a "term of art," *Magwood*, 561 U.S. at 332, and a second-in-time § 2255 motion may not be "second or successive" simply because it is filed after a previous motion. *In re Weathersby,* 717 F.3d 1108, 1110 (10th Cir. 2013). For example, in *Magwood*, the petitioner challenged the sentence imposed in a new judgment entered after his first, successful § 2254 petition. *Magwood*, 561 U.S. at 329–330. The United States Supreme Court concluded that "the phrase 'second or successive' must be interpreted with respect to the judgment

6

challenged" *id*. at 333, and concluded that, if "there is a 'new judgment intervening between two habeas petitions,' [*Burton v. Stewart*, 549 U.S. 147, 156 (2007)], an application challenging the resulting new judgment is not 'second or successive.'" *Id.* at 341–342.[1] It therefore held that Magwood's second petition was not "second or successive" because it challenged the sentence imposed in the new intervening judgment. *Id*. at 342.

The *Magwood* Court expressly did not address whether its holding would permit "a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" because those facts were not presented. *Id*.; *Suggs v. United States*, 705 F.3d 279, 280 (7th Cir. 2013) (discussing *Magwood*). However, it noted that its conclusion was based "on the text, and that text is not altered by consequences" that might arise "in another case." *Magwood*, 561 U.S. at 342.

Most courts to address the issue have extended *Magwood* to hold that "a new judgment after a resentencing permits the inmate to challenge the original conviction without clearing the second-or-successive hurdles." *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015); *United States v. Wiseman (Wiseman I)*, No. 16-CV-00700-JAP/KRS, 2018 WL 1026373, at *5 (D.N.M. Feb. 21, 2018) (collecting cases). Those courts have reasoned that *Magwood* requires a "judgment-based approach" under which the existence of a new intervening judgment resets the petition "count" for *all* claims in a petition. *See, e.g.*, *King*, 807 F.3d at 157.

In contrast, the Seventh Circuit focused on each of the claims in a petition and held that "a [§ 2255] motion following a resentencing is 'second or successive' where it challenges the

---

[1] *Magwood* applies to § 2255 petitions. *See Garza v. United States,* 562 U.S. 1210 (2011) (vacating the dismissal of a § 2255 motion and remanding for consideration "in light of *Magwood*"); *United States v. Ailsworth*, 513 F. App'x 720, 722 (10th Cir. 2013) (noting that the Tenth Circuit has applied *Magwood* to § 2255 petitions).

7

underlying conviction, not the resentencing." *Suggs*, 705 F.3d at 284. In that case, the petitioner was resentenced after he succeeded in showing ineffective assistance of counsel in his first § 2255 petition. *Id.* at 281. He then filed a second § 2255 motion challenging his conviction based on discovery of new evidence of innocence, arguing that his claim was not second or successive under *Magwood* because of the new intervening judgment. *Id*. The Seventh Circuit held that it was bound by its precedent, *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001), which distinguished "between challenges to events that are novel to the resentencing," which would be treated as initial collateral attacks, "and events that predated the resentencing," which would be treated as successive collateral attacks. *Suggs*, 705 F.3d at 284. The Court stated that, "because *Magwood* explicitly limited its holding so as not to reach [whether a challenge to the underlying conviction] is second or successive," the Court was "not persuaded" that it should overrule *Dahler*. *Id*. at 281.

Because the Tenth Circuit has not squarely addressed this issue in a published opinion, Respondent argues that this Court is bound by *Prendergast*, which, he argues, requires the Court to analyze Hahn's petition claim-by-claim, like in *Suggs*, to determine if each claim is second or successive. (Doc. 24 at 12.) In *Prendergast*, the Tenth Circuit held that a § 2254 petitioner's claims challenging his conviction were untimely even though he raised them within one year of receiving an amended sentence, rejecting Prendergast's argument that, because his claims challenging his new sentence were timely, "the attacks on his original conviction" were also timely. *Prendergast*, 699 F.3d at 1186; 28 U.S.C. § 2244(d)(1) (setting a one-year limitations period). It held that courts should consider claims in habeas petitions filed after a resentencing "on a claim-by-claim basis," which is "consistent with how statutes of limitations are generally applied." *Prendergast,* 699 F.3d at 1187. Finally, it concluded that the district court had properly dismissed Prendergast's claims challenging his conviction as untimely. *Id*. at 1188.

8

Applying *Prendergast*, Respondent argues that Hahn's claims contesting his convictions—Claims A, B, D, and E—are second or successive because Hahn already challenged his convictions in his first § 2255 motion and the Second Amended Judgment did not reset the habeas petition count as to those claims. (Doc. 24 at 12.) I disagree.

First, *Prendergast* does not apply here. The "threshold inquiry into whether an application is 'second or successive,'" i.e., whether the court has jurisdiction over the application, is distinct from "[the] subsequent inquiry into whether claims in a successive application must be dismissed." *Magwood*, 561 U.S. at 336–37, 340 (stating that the "procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not"). Because the two analyses are distinct, Respondent's reliance on *Prendergast* and its progeny, *Burks v. Rasmisch,* 680 F. App'x 686 (10th Cir. 2017) (unpublished), is misplaced: neither case addresses the second-or-successive issue. Although decided two years after *Magwood*, *Prendergast* does not even mention *Magwood*—because the district court's jurisdiction was not in question. While the *Burks* Court discussed *Magwood*, it did so only to determine that *Magwood* did not address whether the petitioner's claims were timely and that it was "bound to follow *Prendergast*" to assess the timeliness of the petitioner's claims. *Burks*, 680 F. App'x at 690–691. Moreover, the Court would not have even reached the issue of timeliness in those cases if the claims had been second or successive, i.e., the district court had not had jurisdiction in the first place. *See Limon*, 757 F. App'x at 739 (holding that the district court erred in dismissing a second-or-successive § 2255 motion as untimely because the district court lacked jurisdiction to do so).

Second, the Tenth Circuit has aligned with the majority in several, albeit unpublished, cases.[2] For example, in *United States v. Wiseman*, the petitioner filed his first § 2255 motion in

---

[2] In the Tenth Circuit, unpublished decisions are not binding precedent but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005); 10th Cir. R. 32.1.

9

2000. *Wiseman I*, 2018 WL 1026373, at *2. The Tenth Circuit remanded the matter for resentencing on one of the counts. *Id.* Wiseman was then resentenced in 2002. *Id*. In 2017, he filed another § 2255 motion challenging both his convictions and his sentence. *Id.* at *3. Like Hahn, Wiseman argued that none of his claims were second or successive because of the new intervening judgment entered in 2002, i.e., under *Magwood*'s judgment-based approach, the 2002 judgment reset the petition count for all claims in his motion. *Id*. Noting that *Magwood* expressly did not decide whether challenges to *convictions* after a resentencing were second or successive, the district court held that it was "bound by the Tenth Circuit's claim-by-claim approach to addressing criminal judgments . . . as set forth in *Prendergast*" and transferred the matter to the Tenth Circuit for authorization. *Id*. at *6. However, without discussing *Prendergast*, the Tenth Circuit found to the contrary that Wiseman's motion challenging his convictions was not second or successive because "the 2002 amended judgments were new judgments under *Magwood*[.]" *United States v. Wiseman* (*Wiseman II*), 767 F. App'x 696, 698 (10th Cir. 2019) (unpublished). It therefore remanded the matter back to the district court.³ *Wiseman II*, 767 F. App'x at 698. In other words, the Tenth Circuit rejected the same argument that Respondent asserts here.

Two other cases are also informative. In *Tillman v. Bigelow*, after Tillman was resentenced following a state post-conviction proceeding, he filed a § 2254 application challenging his convictions. 672 F. App'x 803, 804 (10th Cir. 2016) (unpublished); *see Tillman v. Bigelow*, 13cv0201 Docs. 4, 13 (D. Utah)). The district court dismissed the matter after finding that it was a second or successive application. *Tillman*, 672 F. App'x at 804. "But when [the petitioner] sought authorization from" the Tenth Circuit, the Court "dismissed the request as unnecessary because of

---

³ On remand, the district court dismissed Wiseman's claims as untimely. *Wiseman II,* 767 F. App'x at 699. On appeal of the dismissal of one of the claims, the Tenth Circuit found that the district court had correctly dismissed the claim. *Id.* at 700.

10

his [new intervening judgment following] resentencing." *Id*. The Court "explained that [*Magwood*] treated 'the existence of a new judgment [as] dispositive' in determining whether a § 2254 application is second or successive." *Id.* (quoting *Magwood*, 561 U.S. at 338). At least one district court has relied on *Tillman* to hold that a petitioner's challenge to both his conviction and sentence was not second or successive after entry of a new intervening judgment resulting from a state court appeal of his sentence. *See Bowman v. Martin*, No. CIV-19-542-HE, 2019 WL 7144120, at *4 (W.D. Okla. Nov. 25, 2019), *report and recommendation adopted,* No. CIV-19-0542-HE, 2019 WL 7116113 (W.D. Okla. Dec. 23, 2019).

In *United States v. Harris*, after the petitioner filed a first § 2255 petition, the Tenth Circuit affirmed the petitioner's conviction on direct appeal but remanded for resentencing. *United States v. Harris*, 593 F. App'x 750, 751 (10th Cir. 2014) (unpublished). The petitioner then filed a § 2255 motion asserting ineffective assistance of trial counsel. *Id*. The district court deemed it second or successive and transferred it to the Tenth Circuit, which denied authorization. *Id*. Approximately fourteen years later, after *Magwood* was decided, the petitioner filed a Rule 60(b) motion asking the district court to reopen the § 2255 motion. *Id*. at 752. The district court "determined that, under *Magwood* . . . , [the motion] was his first § 2255 motion after resentencing and not a second or successive motion under § 2255(h)." *Id*. It therefore "vacated the order transferring" the motion and exercised its jurisdiction to review the ineffectiveness claims on their merits. *Id*. On appeal, the Tenth Circuit affirmed the dismissal of the petitioner's claims on their merits without discussing the district court's second-or-successive analysis or the district court's jurisdiction over the claims. *Id*. *See also Jackson v. Bowen*, No. 22-6068, 2022 WL 2165789, at *1 (10th Cir. June 16, 2022) (unpublished order) ("[A] habeas application will not be considered second or successive if it is the first to challenge a particular judgment, even if the prisoner has previously filed other

11

applications challenging earlier judgments." (citing *Magwood*, 561 U.S. at 331–33)); *Broadus v. Jones*, 414 F. App'x 149, 151 (10th Cir. 2011)(unpublished) (stating that, in determining whether a petition is second or successive, "the proper question is which *judgment* did the [previous habeas] applications attack, not which *convictions*").

I conclude that, in accordance with *Magwood*, *Tillman*, *Wiseman II,* and *Harris*, the focus of the Court's analysis is on whether Hahn's petition, rather than individual claims, is second or successive after entry of a new, intervening judgment. I further conclude that the Second Amended Judgment is such a judgment.

Although the *Magwood* Court did not define "new intervening judgments," it stated that the new intervening judgment at issue was entered after "the state court conducted a full resentencing and reviewed the aggravating evidence afresh." *Magwood*, 561 U.S. at 339; *see United States v. Quary*, 881 F.3d 820, 822 (10th Cir. 2018) (discussing "new, intervening judgment[s]"). In this Circuit, a "new, intervening judgment" for purposes of the second-or-successive analysis is one that arises from a resentencing proceeding, rather than correction of a clerical error or sentence reduction under § 3582. *See Quary*, 881 F.3d at 823 (holding that a new judgment reflecting a sentence reduction under § 3582(c)(2) did not "qualify as [a] new intervening judgment[]" because the sentence reduction procedure does not "resemble a full resentencing"); *In re Martin*, 398 F. App'x 326, 327 (10th Cir. 2010) (unpublished) (no "new intervening judgment" where the amended judgment "merely corrected a clerical error'). In a "resentencing, a district judge may receive evidence and reopen issues decided in the original sentencing before holding a hearing and pronouncing a new sentence." *Quary*, 881 F.3d at 822–23. "By contrast, a court granting a sentence reduction 'takes as established the findings and

calculations that led to the sentence and changes only the revised [Sentencing] Guideline, leaving everything else the same.'" *Id*. (quoting *White v. United States*, 745 F.3d 834, 836 (7th Cir. 2014)).

I find that the Second Amended Judgment is a new intervening judgment because it was entered after a full resentencing hearing. After vacating Hahn's conviction for Count 4, the District Court of South Carolina clarified that the Sentencing Court could conduct a "de novo" resentencing under the sentencing package doctrine and the Sentencing Court granted Hahn's motion for a full resentencing hearing on that ground. *Hahn*, No. 00cr82, Doc. 209 at 10 (noting that courts "may resentence [a] defendant de novo unless the remand imposes specific limits on the district court's authority"). The Sentencing Court found that resentencing was warranted because the initial sentence was based on the "interdependence" of the sentences for all four counts and, since vacatur of Count 4 "unbundled" the sentence, the Sentencing Court should consider anew the appropriate sentence for the remaining counts. *Id*. at 12. At the hearing, the Sentencing Court considered a new presentence report and Hahn's objections thereto and heard from Hahn and his family members. *See Hahn*, No. 00cr82, Docs. 244, 250, 214; *United States v. Cash*, 727 F. App'x 542, 546 (10th Cir. 2018) (unpublished) ("[A] resentencing includes a sentencing hearing with the defendant present and new [presentence report] . . . ."). While the resulting Second Amended Sentence reduced the sentence for Count 3, it increased the sentence for Count 2. *Hahn*, No. 00cr82, Doc. 251 at 3. Thus, the Second Amended Judgment reflects the Sentencing Court's determination of Hahn's sentences for all counts after considering the matter "afresh." *Magwood*, 561 U.S. at 339; *see Wiseman II*, 767 F. App'x at 697–98 (an amended judgment reducing a sentence after a "partially successful . . . first § 2255 motion" was a new judgment under *Magwood*).

### III. CONCLUSION AND RECOMMENDATIONS

I find that the Second Amended Judgment is a new intervening judgment and that, under *Magwood*, the Amended Motion is not second or successive. Accordingly, I recommend DENYING Respondent's Limited Answer (Doc. 24) requesting that the Court dismiss the Amended Motion for lack of jurisdiction.

Because Respondent only cursorily addressed procedural default and the timeliness of Hahn's claims in its Limited Answer, and expressly reserved its arguments as to those issues, I further recommend that the Court ORDER Respondent to file a complete answer to the Amended Motion within 30 days of the order adopting these proposed findings and recommended disposition.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

14