IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCUS HAHN,

    Petitioner,

v.                                                                                                  No. 21-cv-0880 KWR/DLM

UNITED STATES OF AMERICA,

    Respondent.

**ORDER FOR SUPPLEMENTAL BRIEFING ON WHY THE COURT SHOULD NOT DISMISS AS UNTIMELY HAHN'S CLAIMS CHALLENGING HIS CONVICTIONS**

Petitioner Marcus Hahn filed his Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence or Judgment by a Person in Federal Custody ("Amended Motion") on September 19, 2022. (Doc. 15.) Respondent the United States filed its Response on July 10, 2024. (Doc. 45.) As explained below, it appears from the face of Hahn's Amended Motion that his claims challenging his convictions in 2000 are untimely and may be dismissed on that ground. The Court may raise this issue *sua sponte*, but it must provide the parties an opportunity to present their positions before deciding it. Hence, the Court will order supplemental briefing limited to whether Hahn's challenges to his convictions are untimely under § 2255(f).

**I. PROCEDURAL HISTORY**

In 2000, a jury convicted Hahn of manufacturing 100 or more marijuana plants and of maintaining a premises for the purpose of manufacturing, distributing and using marijuana (Counts 1 and 2). *United States v. Hahn*, No. 00cr82, Doc. 184 (D.N.M.). The jury also convicted Hahn of possessing a firearm in furtherance of the manufacture of marijuana in violation of 18 U.S.C. § 924(c) (Count 3) and of possessing a firearm in furtherance of the maintenance of a place to manufacture, distribute and use marijuana also in violation of 18 U.S.C. § 924(c) (Count 4). *Id*.

1

Hahn appealed his sentence for the second firearm offense (Count 4) in 2002. *United States v. Hahn*, 38 F. App'x 553 (10th Cir. 2002). The Tenth Circuit affirmed the conviction and sentence, *id*. at 555, and the Supreme Court denied his petition for writ of certiorari on January 27, 2003. *Hahn*, No. 00cr82, Doc. 180. He then filed a § 2255 petition in 2004 and a motion under 28 U.S.C. § 2241 in 2016. *United States v. Hahn*, 191 F. App'x 758 (10th Cir. 2006); *Hahn v. Moseley*, 931 F.3d 295 (4th Cir. 2019). The Fourth Circuit Court of Appeals granted the latter motion and Count 4 was vacated in 2019. *See Hahn*, 931 F.3d at 304; *Hahn*, No. 00cr82, Doc. 209 at 4. On September 25, 2020, the New Mexico District Court, after a hearing at which Hahn was present, reduced Hahn's sentence from 180 months to 120 months and entered the Second Amended Judgment. *Hahn*, No. 00cr82, Doc. 251.

Hahn filed his "Second Motion to Vacate under 28 U.S.C. 2255" on September 8, 2021, (Doc. 1) and the Amended Motion on September 19, 2022. (Doc. 15.) In the Amended Motion, Hahn challenges both his convictions and the Second Amended Judgment. *Id*. Noting that the Court lacks jurisdiction over second/successive § 2255 claims, the Court ordered Respondent to file a limited answer addressing which claims, if any, are "second or successive" under 28 U.S.C. § 2255(h). (Doc. 16.) In its Limited Answer, Respondent relied on *Prendergast v. Clements,* 699 F.3d 1182 (10th Cir. 2012) to argue that the Court lacks jurisdiction over Hahn's challenges to his convictions because they are unauthorized "second or successive" claims. (Doc. 24 at 16.) Significantly, Respondent expressly reserved its statute of limitation defense "for a later date" because the Court's order "did not request [its] position on whether the claims are" untimely. *Id*. Nevertheless, it asserted cursorily that Hahn's challenges to his conviction were untimely, and Hahn similarly asserted to the contrary without substantial analysis. (*See, e.g*., Docs. 24 at 8; 27 at 3, 15, 16.)

The undersigned determined that the Court has jurisdiction over Hahn's claims because they are not second or successive and noted that *Prendergast* applied to the analysis of the timeliness of a petitioner's claims, not to whether the claims were second or successive. (Doc. 32 at 9.) *See Magwood v. Patterson*, 561 U.S. 320, 336–37, 340 (2010). However, because Respondent expressly reserved its timeliness argument, the undersigned did not analyze that issue. (Doc. 32 at 14.) The Court adopted the undersigned's proposed findings of fact and ordered Respondent to file a complete response to Hahn's Motion, which it did on July 10, 2024. (Doc. 45.) Respondent did not argue in the Response that any of Hahn's claims are untimely. *Id*. Hahn filed a Reply on August 26, 2024. (Doc. 50.)

## II. DISCUSSION

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from" the date on which the judgment of conviction becomes final. *Clay v. United States,* 537 U.S. 522, 524 (2003); *see* § 2255(f)(1)); *United States v. Carbajal-Moreno*, 332 F. App'x 472, 474 (10th Cir. 2009). The one-year limitation period can be extended where:

> (1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States . . . ." § 2255(f)(2);
>
> (2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or
>
> (3) The inmate could not have discovered "the facts supporting the claim . . . through the exercise of due diligence." § 2255(f)(4).

A judgment is final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay*, 537 U.S. at 527; *see also United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000) (stating that "a judgment of conviction is final for purposes of the one-year limitation period

3

in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal"). The limitation period may be equitably tolled if petitioners establish that (1) they have been "'pursuing [their] rights diligently, and (2) that some extraordinary circumstance stood in [their] way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *United States v. Grealish*, 559 F. App'x 786, 788 (10th Cir. 2014) (same).

"[D]istrict courts are permitted . . . to consider, *sua sponte,* the timeliness of" claims in a habeas petition when untimeliness is clear from the petition, so long as the "parties [have] fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 209–210 (2006) (citations omitted); *Kilgore v. Att'y Gen. of Colorado*, 519 F.3d 1084, 1089 (10th Cir. 2008) ("A petition's untimeliness must either be pled by the government as an affirmative defense[] or be clear from the face of the petition itself."). In considering whether to assess timeliness *sua sponte*, the "court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and "determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210 (quoting *Granberry v. Greer*, 481 U.S. 129, 136 (1987).

However, a court may not *sua sponte* raise the timeliness of a petitioner's claims if the respondent has deliberately or expressly waived it. *Day*, 547 U.S. at 202; *United States v. Morgan*, 775 F. App'x 456, 457 n.1 (10th Cir. 2019). "To be express, a waiver of [the defense] must be clear, explicit, and unambiguous." *McCormick v. Parker*, 571 F. App'x 683, 687 (10th Cir. 2014) (quoting *Sharrieff v. Cathel,* 574 F.3d 225, 229 (3rd Cir. 2009)). For example, the state was found to have expressly waived the defense where it "twice informed" the court that it would not challenge the timeliness of the petitioner's claims even though it did not concede they were timely.

4

*Wood v. Milyard*, 566 U.S. 463, 467–468, 474 (2012). Where the government has not expressly waived the defense or "deliberately steered" the Court away from the issue, *id.*, "*Day* creates an exception to the general rule of forfeiture" and "allows a court to consider untimeliness [even] when the" respondent did not "raise it in its answer to the petition." *Kilgore*, 519 F.3d at 1089; *see United States v. Hopkins*, 920 F.3d 690, 697 n.10 (10th Cir. 2019) (holding that because the respondent "never suggested it was not contesting the timeliness of [the] motion[, the respondent] thus ha[d] not 'intentionally relinquished' its argument that [the] motion was untimely").

I find that Respondent has not expressly waived this defense because it (1) stated in its Limited Answer specifically that it did *not* waive the defense (Doc. 24 at 16) and (2) was silent on the defense in its subsequent Response. (Doc. 45.) *See Kilgore*, 519 F.3d at 1089 (permitting the court to raise the issue if the respondent did not raise it in the response). Additionally, Hahn asserts in the Amended Motion that his direct appeal was complete in 2002. (Doc. 15 at 2.) *See Hahn*, No. 00cr82, Doc. 180. It therefore appears from the face of the Amended Motion that Hahn's challenges to his convictions are untimely because he filed them over 20 years later. (Docs. 1; 15 at 2.) *See Prendergast,* 699 F.3d at 1185, 1187–88 (holding that courts must assess the timeliness of claims on a "claim by claim basis" and affirming the district court's dismissal of Prendergast's claims challenging his conviction as untimely even though his claims challenging an amended sentence were not). The Court will therefore provide the parties an opportunity to present their positions on whether any of Hahn's claims are barred by the one-year statute of limitations.

**THEREFORE, THE PARTIES ARE ORDERED** to file supplemental briefs limited to addressing whether the statute of limitations bars Hahn's claims challenging his convictions, as follows:

1. Respondent must file a supplemental brief no later than **14 days from the date of this Order**. In its supplemental brief, Respondent must specify whether it waives the statute of limitations defense as to any of Hahn's claims and, if not, which of Hahn's claims are untimely. The Court will construe Respondent's failure to file a supplemental brief as a waiver of the statute of limitations defense.

2. Hahn must file his response to Respondent's supplemental brief no later than **14 days** after the supplement brief is filed. The Court may dismiss Hahn's claims challenging his convictions if a response is not filed within this deadline. *See* D.N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

3. Respondent may file an optional reply to Hahn's response no later than **14 days** after Hahn files his response.

4. Each party must limit their filings to **6 pages** and address only the issue of the timeliness of Hahn's claims under § 2255(f). The Court will disregard any argument on other issues. In addition, exhibits or attachments are not permitted unless they relate to the timeliness of Hahn's claims or the tolling of the statute of limitations.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

6